No. 31,924

In re J. T. Braly's Estate. (R. P. Garnett, Claimant, *Appellant*, v. J. L. Braly, Administratrix, etc., *Appellee*.)

(38 P. 2d 98)

Opinion filed December 8, 1934.

*Benjamin F. Hegler, A. V. Roberts, Roger P. Almond,* all of Wichita, and *Russell Moore,* of Denver, Colo., for the appellant.

*Clark A. Wallace, Paul R. Wunsch* and *C. C. Calkin,* all of Kingman, for the appellee.

The opinion of the court was delivered by

Burch, J.: The appeal is from an order of the district court denying a motion for new trial based on newly discovered evidence.

R. P. Garnett filed in probate court a claim against the estate of J. T. Braly, deceased. The basis of the claim was that Garnett was indorser of Braly's note for $6,000 to the State Bank of Kingman, and Garnett paid the note. The claim was disallowed, and Garnett appealed to the district court. After a trial, in which the issue was whether Braly signed the note, judgment was rendered against Garnett.

The judgment was rendered on June 16, 1933. Within three days a motion for new trial was filed, but the motion was not heard until September 20, 1933. The motion stated that after the trial claimant had discovered new, material evidence, which could not, with reasonable diligence, have been produced at the trial. The evidence had not been discovered when the motion was filed. After the motion was filed, and some time before September 20, 1933, Garnett investigated the records in the bank commissioner's office and found an examiner's report of an examination of the bank containing an entry indicating Braly was a joint maker of the note with Garnett and Garnett's wife.

At the hearing in September, 1933, the newly discovered evidence and a stipulation concerning it were admitted in evidence, and the motion for new trial was denied. The specification of error reads:

"The court erred in disregarding the evidence offered by claimant on the motion for a new trial and in refusing to grant a new trial on the ground of newly discovered evidence."

There is no foundation whatever in the record for the statement the court disregarded the newly discovered evidence. It may be assumed with perfect confidence that the able judge who tried the case followed the statute, which reads:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part." (R. S. 60-3004.)

The question remains whether the court erred in denying a new trial. To say the court erred would be to say there was no substantial basis in the evidence for the court's decision. There was abundant, convincing evidence Braly was not a party to the note. There was contradictory evidence which the court did not credit. The newly discovered paper was not conclusive, and whether it ought to outweigh the evidence on which the trial court relied, was a matter to be determined by that court and not by this court.

Besides what has been said, the newly discovered evidence was cumulative, and no diligence was exercised to discover the evidence and produce it at the trial. (See *Pirtle v. Fredenburg*, 139 Kan. 691, 33 P. 2d 149.)

The judgment of the district court is affirmed.